FILED
MAR 29 2010

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RICHARD LEON McKENZIE, | Case No.: 07-CV-1752-AC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| MAUREEN ROSSI-HILL, Ms. T. CUTLER, THERESA HICKS, RONALD D. MEYERS, JEAN HILL, Lt. L. ALBERTS, Off. MANO, Off. JOHN DOE, each sued in their individual as well as their official capacities, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

*Findings and Recommendation*

Plaintiff Richard Leon McKenzie ("McKenzie"), a prisoner of the State of Oregon, filed this action against a number of employees of the Oregon Department of Corrections (the "Department") alleging that the employees denied McKenzie access to the courts, denied him due process at

disciplinary hearings, and retaliated against him when he exercised his constitutional rights. On December 16, 2009, Judge Anna J. Brown adopted the Findings and Recommendation signed by this court on October 5, 2009, (the "Findings and Recommendation") recommending that defendants' motion for summary judgment be granted and resolved this case with regard to all parties then before the court. This court subsequently discovered that two defendants named for the first time in McKenzie's amended complaint filed June 13, 2008 ("Amended Complaint"), specifically Lieutenant L. Albert[1] and Officer Mano, had not been served with the Amended Complaint and had not yet filed an appearance. Accordingly, Albert and Mano were not parties to the summary judgment motion previously granted.[2]

On December 21, 2009, this court advised Albert and Mano of the status of this matter. On December 29, 2009, Albert and Mano filed a waiver of service form accepting service of the Amended Complaint. On January 8, 2010, Albert and Mano formally joined in the previously filed answer and motion for summary judgment. On January 25, 2010, this court acknowledged the joinder, set a briefing schedule for the motion for summary judgment with regard to Albert and Mano, and set an under advisement date of March 12, 2010, for consideration of the summary

---

[1] McKenzie names Lt. L. Alberts as a defendant in the Amended Complaint. However, the answer filed by the defendant indicates that his correct name is Albert. The court will refer to him by his correct name in this Findings and Recommendation.

[2] Also named in the Amended Complaint and not a party to the summary judgment was a Off. John Doe. "As a general rule, the use of 'John Doe' to identify a defendant is not favored. However, situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). McKenzie has had ample of time to discover the names of the John Doe defendant and has not amended the complaint to add him. Accordingly, the court should dismiss the Doe defendant.

judgment motion with regard to these defendants. On January 29, 2010, McKenzie filed a Notice of Appeal from Judge Brown's order granting summary judgment to the then-appearing defendants. On March 10, 2010, the Ninth Circuit dismissed McKenzie's appeal for lack of jurisdiction acknowledging that Judge Brown's order did not dispose of all claims as to all parties.

Currently before the court is the summary judgment motion of Albert and Mano. For the reasons set forth below, Albert and Mano's motion for summary judgment should be granted.

*Background*

The general background facts are set forth in the Findings and Recommendation and will not be repeated here except to note that this action derives from the confiscation of McKenzie's legal materials for violation of prison rules and the disciplinary actions resulting from such violations. With regard to Albert and Mano specifically, McKenzie identifies them in the Amended Complaint as correction officers assigned to the law library at Snake River Correctional Institute. (Am. Compl. ¶¶ 9, 10.) McKenzie then alleges:

> 43. On February 24, 2008, at approx. 10am, officer Mano, an unidentified officer, and Lt. L Alberts entered into plaintiff's assigned housing and began reading plaintiff's legal work. Several threats were made to plaintiff as to taking his legal materials and placing plaintiff in DSU, plaintiff requested receipts for any items "seized". After the "search" plaintiff's legal materials were in total disarray, documents and file folders torn or destroyed and several items seem to be missing, notably declarations from inmates supporting plaintiff's allegations in this and other cases.
>
> 44. Plaintiff inquired as to the basis of the "search" of his legal materials, defendant Lt. L. Alberts informed plaintiff that there was an alleged investigation into plaintiff doing legal work for other inmates for pay. At no time during the "search" was any item of commissary checked against canteen purchases made by plaintiff, thus putting paid to any veracity as to any alleged receiving of "pay" for legal work prepared on behalf of another, especially in light of the fact that plaintiff's institution account is currently, and has been for some time, in the negative. Plaintiff's account is currently -$800.00 and plaintiff has never received monies from an outside private

source since his beginning incarceration of April, 1979.

(Am. Compl. ¶¶ 43, 44.) McKenzie has not filed any opposition to Albert and Mano's joinder in the motion for summary judgment.[3] However, the Amended Complaint has been verified in accordance with the requirements of 28 U.S.C. § 1746. The Amended Complaint is based, at least in part, on McKenzie's personal knowledge of admissible evidence. As such, it constitutes an opposing affidavit and must be considered by the court in conjunction with Defendants' motion for summary judgment. *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995).

## *Legal Standard*

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c) (2008). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324. A nonmoving party cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements. *Hernandez v. Spacelabs Medical, Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Thus, summary judgment should be entered against "a party who fails to make a showing sufficient

---

[3]The court advised McKenzie of his obligations in responding to a summary judgment motion through a summary judgment advice notice dated April 9, 2008.

to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir. 1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Life Ins. Co. of North America*, 638 F.2d 136, 140 (9th Cir. 1981).

However, deference to the nonmoving party has limits. The nonmoving party must set forth "specific facts showing a *genuine* issue for trial." FED. R. CIV. P. 56(e) (2008) (emphasis added). The "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations marks omitted).

Where the nonmoving party does not file materials in opposition, the court must still evaluate the legal sufficiency of the motion. *In re Rogstad*, 126 F.3d 1224, 1227 (9th Cir. 1997) ("We have repeatedly held that it is error to grant a motion for summary judgment simply because the opponent failed to oppose."). The moving party must demonstrate its entitlement to summary judgment while "[t]he party opposing the motion is under no obligation to offer affidavits of any other materials in support of its opposition." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 949 (9th Cir. 1993). In accordance with this obligation, this court must independently review Albert and Mano's materials

to determine whether they are entitled to summary judgment.

## *Discussion*

The conduct of Albert and Mano as alleged by McKenzie provide support for his denial of access to the courts and retaliation claims. Specifically, the destruction and confiscation of legal material during the search of McKenzie's prison cell relates to his claim that he was denied access to the court system while the allegation that Albert and Mano searched McKenzie's cell as punishment for pursuing his civil actions relates to his retaliation claim.

I. Denial of Access to Court System

State prisoners have a constitutional right of access to courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a violation of this right, a prisoner must establish that he or she has suffered an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348. In its previous Findings and Recommendation, this court adopted the Seventh Circuit's rule in determining when the confiscation or destruction of materials qualifies as an actual injury. Specifically, this court stated that a "prisoner must 'state[] with specificity exactly what materials he was deprived of and how such deprivation resulted in his being denied the meaningful access to the courts to which he is entitled.'" (Findings & Recommendation at 21 (quoting *Hossman v. Spradlin*, 812 F.3d 1019, 1022 (7th Cir. 1987)).) This court then held that McKenzie failed to meet that burden.

Here, McKenzie alleges that documents and file folders were torn or destroyed and that several items, including declarations from inmates, were missing. While McKenzie may adequately identify inmate declarations as some of the documents he was missing, he does not specify how the

loss of such documents denied him meaningful access to the courts. Again, this court finds that McKenzie has failed to meet his burden to establish that he suffered an actual injury as a result of Albert and Mano's conduct.

II. Retaliation

Despite the fact that Albert and Mano had not yet appeared, this court specifically addressed McKenzie's allegation that the search of McKenzie's cell was motivated by an intent to retaliate against him for filing grievances and complaints against prison employees in the Findings and Recommendation. This court stated that "[a] prisoner suing prison officials under [S]ection 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline," and then held that McKenzie had not met his burden. (Findings and Recommendation at 28 (quoting *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994)).)

> In this case, McKenzie has not presented evidence that his constitutionally protected actions were a substantial or a motivating factor in the Defendants' decisions to file misconduct reports against him, confiscate his legal materials, search his person, and search his cell. McKenzie simply makes the conclusory allegation that the Defendants acted in retaliation. Furthermore, McKenzie offers no evidence to refute that Defendants' actions were taken for the legitimate penological reasons of enforcing [Department] rules that McKenzie was suspected of violating and subsequently determined to have violated.

(Findings and Recommendation at 29.) The case law and analysis set forth in the Findings and Recommendation are equally applicable to the claims currently before the court. Accordingly, this court finds that McKenzie has not presented the evidence necessary to support his retaliation claim and that Albert and Mano are entitled to summary judgment on this claim as well.

/ / / / /

*Conclusion*

The motion (#74) for summary judgment filed by Albert and Mano by virtue of their joinder of the previously filed motion for summary judgment should be GRANTED and this case should be dismissed in its entirety.

<u>Scheduling Order</u>

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **April 13, 2010**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 29th day of March, 2010.

JOHN V. ACOSTA
United States Magistrate Judge